NEWARK TRUNK COMPANY OF NEWARK, NEW JERSEY,
a corporation, complainant-appellant,

v.

ADA R. CLARK et al., defendants-respondents.

[Argued October 30th, 1925. Decided March 26th, 1926.]

1. The pleadings in this cause do not contend for, nor do the proofs make for, the establishment of an easement by parol, and, therefore, *Lawrence* v. *Springer*, *49 N. J. Eq. 289*, has no application.

2. The proofs in this cause, as returned upon this appeal, do not establish an easement by express agreement.

3. Mutual mistake can, and in most instances must, be established by parol evidence, and it was error to exclude such evidence.

On appeal from a decree of the court of chancery.

*Mr. Harry Levin,* for the appellant.

*Mr. Samuel E. Ayers* and *Messrs. Egner & Beatty,* for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

Appellant, having contracted to purchase a tract of land in the city of Newark, upon which there were several buildings which had been previously used and occupied by one occupant, contracted to sell to respondents a portion of the said lands, containing some of the buildings, before it had itself taken title under its contract of purchase.

The closing of the transaction under both contracts was consummated at the same time.

The buildings upon the lands conveyed to respondents having been previously used in connection with the buildings

upon the lands to which appellant took title, the sewage, heating, water and fire alarm systems were in single units serving all the buildings.

The contract between the parties, and likewise the deed by which title passed, provided that a one-half interest in the fire alarm system should pass to the respondents; that as the water intake was on the property of the respondents the appellant should retain an easement upon respondents' premises "for the free and uninterrupted running through and supplying of water and apparatus therefor" for the use of appellant's premises; such water as used to be paid for by appellant and such easement to continue for five years; that if appellant so desired, and for such period as it desired, the respondents would furnish heat to appellant's premises upon the payment of $250 per year.

The sewer into which the drains, &c., of appellant's premises connected, ran through the premises of respondents to the street, there emptying into the public sewer.

Leaders from the roof of the building upon respondents' land emptied upon the premises of appellant, and the water discharged therefrom ran to and found its way through the house drains upon appellant's lands, which drains in turn emptied into the sewer or building drains on respondents' land.

Subsequent to the conveyance of the lands to the respondents they cut off and disconnected appellant's premises from the drains and sewage system upon respondents' premises, and thereupon appellant filed its bill of complaint praying that respondents be perpetually enjoined from disconnecting the sewer from its premises and from filling up or obstructing it, or doing any act which would deprive appellant of the full enjoyment thereof or from failing to maintain the same for the full enjoyment of the premises of the appellant.

The said bill further prayed that the contract of sale and the deed to respondents be reformed by making the same comply with the true intention and meaning of the parties, it being contended by appellant that failure to mention or

provide for the easement or right of sewage in the contract of sale and deed was the result of a mutual mistake.

Upon a hearing upon bill and answer, a final decree was advised and entered dismissing the bill of complaint.

The complainant below appeals from such decree and urges and argues four grounds:

*First.* That the court below erred in holding that the easement contended for was an easement by parol.

In the conclusion filed by the vice-chancellor he bases his conclusion upon *Lawrence* v. *Springer, 49 N. J. Eq. 289,* in which this court holds that an easement cannot be imposed upon land by force of parol evidence. Such was not the purpose of the bill of complaint in this cause. The conclusion of the vice-chancellor was therefore based upon an erroneous interpretation of the cause of action before him.

*Second.* The easement sought is an express one. Under this appellant seeks to have interpreted the provision in the contract of sale and in the deed so as to include and cover an easement of sewage.

But we think such effect cannot be given to the language employed.

*Third.* The court below erred in rejecting evidence tending to show mutual mistake.

The proceedings in the court below, as they are before us, conclusively show that all the testimony in this direction was excluded.

In this respect error clearly exists.

*Fourth.* A further ground for reversal argued is that the easement of sewage over respondents' lands is one that arises and exists in law by implied reservation.

But this was not raised and urged in the court below so far as the proceedings upon final hearing now before us show, and, therefore, we have not considered it.

For the trial error, before indicated, the decree below is reversed and the cause remanded to the court of chancery for rehearing.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.